**Samuel C. Straight**
*sstraight@RQN.com*
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone: 801-532-1500

**Steven Yovits**
*syovits@mayerbrown.com*
(*pro hac vice application to be filed*)
**Brian A. Rosenthal**
*brosenthal@mayerbrown.com*
(*pro hac vice application to be filed*)
**Guy W. Barcelona Jr.**
*gbarcelona@mayerbrown.com*
(*pro hac vice application to be filed*)
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600

*Attorneys for Gracenote, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GRACENOTE, INC.,<br><br>　　　　　　*Plaintiff*,<br><br>v.<br><br>SORENSON MEDIA, INC.<br><br>　　　　　　*Defendant*. | Civil Action No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　　Gracenote, Inc. ("Gracenote" or "Plaintiff"), as and for its complaint against Sorenson Media, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement brought against Defendant for infringement of United States Patent No. 9,143,718 ("the '718 Patent"), United States Patent No. 6,230,192 ("the '192 Patent"), and United States Patent No. 9,414,008 ("the '008 Patent").

## PARTIES

2. Gracenote, Inc. is organized and existing under the laws of the state of Delaware, with its principal place of business at 2000 Powell Street, Suite #1500, Emeryville, California, 94608.

3. Upon information and belief, Sorenson Media, Inc. is a corporation organized and existing under the laws of the state of Delaware, with a place of business at 25 East Scenic Pointe Drive, Suite 100, Draper, Utah, 84020.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

5. This Court has personal jurisdiction over Defendant because Defendant has a principal place of business in this District, Defendant has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 in this District, and Defendant transacts business in the State of Utah, including in this District.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant has a principal place of business in this District, Defendant offers for sale products that infringe the '718 Patent,

'192 Patent and '008 Patent in this District, and a substantial part of the events giving rise to this action have occurred in this District.

## FACTUAL BACKGROUND

7.  Gracenote is the world's leading entertainment data and technology company and is at the forefront of how multimedia is experienced.  Gracenote offers multiple products that have revolutionized users' experience of music and video.

8.  Gracenote, through its subsidiaries Gracenote Korea Ltd. and Enswers Inc., have also been at the forefront of providing automatic content recognition services to television original equipment manufacturers (OEMs) since at least 2012.

9.  Gracenote's automatic content recognition platform interprets a multimedia signal and takes action at certain designated points in the multimedia signal.  For example, at certain points in a multimedia signal, specific advertisements may be shown, or additional content may be presented to the viewer.

## THE ASSERTED PATENTS

10. Gracenote has obtained patent protection for its innovative technology, including the '718 Patent, '192 Patent and '008 Patent.

11. The '718 Patent, entitled "Method and Apparatus for Selection of Content from a Stream of Data," was duly and legally issued on September 22, 2015.  A true and correct copy of the '718 Patent is attached hereto as Exhibit A.

12. Gracenote is the assignee and owner of all right, title, and interest in the '718 Patent.  The '718 Patent is valid and enforceable.

13. The '192 Patent, entitled "Method and System for Accessing Remote Data Based on Playback of Recordings," was duly and legally issued on May 8, 2001. A true and correct copy of the '192 Patent is attached hereto as Exhibit B.

14. Gracenote is the assignee and owner of all right, title, and interest in the '192 Patent. The '192 Patent is valid and enforceable.

15. The '008 Patent, entitled "Method and Apparatus for Selection of Content from a Stream of Data," was duly and legally issued on August 9, 2016. A true and correct copy of the '008 Patent is attached hereto as Exhibit C.

16. Gracenote is the assignee and owner of all right, title, and interest in the '008 Patent. The '008 Patent is valid and enforceable.

17. Defendant has had actual knowledge of the '718 Patent, '192 Patent and '008 Patent since at least the filing of this complaint.

## THE INFRINGING PRODUCT

18. Upon information and belief, Defendant sells or offers for sale its SPARK product ("the Infringing Product").

19. Upon information and belief, the Infringing Product is capable of performing a variety of functions, including content fingerprinting, to analyze and take action (such as enabling targeted advertisements) based on the content displayed to a viewer. At the core of the Infringing Product is an automatic content recognition platform.

20. Upon information and belief, the Infringing Product operates by receiving both a main datastream and a reference datastream. The main datastream includes a plurality of main content elements (*e.g.*, program content) intermixed with inserted content elements (*e.g.*,

advertisements). The reference datastream includes reference fingerprints and timestamps (*i.e.*, items of mark-up information) of the main content elements of the main datastream. The reference datastream has less data than the main datastream, and streams at a different data rate.

21. Upon information and belief, the Infringing Product computes main fingerprints from at least some of the main content elements included in the main datastream. The Infringing Product then identifies a main fingerprint that corresponds or links with a reference fingerprint. The Infringing Product selects a displayed main content element based on reference fingerprints.

22. Upon information and belief, the Infringing Product also performs actions that correspond to the content being played on a playback device. For example, the Infringing Product identifies time points that correspond to reference fingerprints, and associates an action to be taken at such time points. The specific action is stored in a database that is accessed by the Infringing Product. The Infringing Product obtains a match in the database between a main fingerprint and a reference fingerprint, and performs or causes to be performed the corresponding action on a playback device. As another example, the Infringing Product outputs data that corresponds to a broadcast feed to a local playback device. When a buffered portion of a broadcast feed is played, the Infringing Product automatically executes a program on the playback device to obtain at least one uniform resource locator ("URL") corresponding to the broadcast feed from a remote computer. In this fashion, the Infringing Product obtains remote data from the location identified by the URL, and outputs such data for playback on the playback device.

23. Upon information and belief, by making, using, offering to sell or selling the Infringing Product, Defendant is infringing at least claims 1 and 14 of the '718 Patent, claim 34

of the '192 Patent, and claims 1-2, 5-7, 9-10, and 13-15 of the '008 Patent under at least 35 U.S.C. § 271(a).

24.     By this lawsuit, Gracenote seeks to enjoin Defendant from any further unauthorized use of Gracenote's patented technology, and seeks to recover damages, including lost profits, treble damages, reasonable attorneys' fees, and such other and further relief as the Court deems just and proper against Defendant's willful violation of federal law.

## COUNT I
## INFRINGEMENT OF THE '718 PATENT

25.     Gracenote repeats and re-alleges paragraphs 1-24 as if fully set forth herein.

26.     Upon information and belief, Defendant has infringed and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '718 Patent under 35 U.S.C. § 271(a), including at least claims 1 and 14, by making, using, selling and/or offering to sell in the United States and/or importing into the United States, the Infringing Product identified in this Complaint.

27.     Through the conduct alleged above, Defendant has caused and will in the absence of an injunction continue to cause Gracenote to suffer damages, which in no event are less than a reasonable royalty, and which include, but are not limited to, lost sales and sales opportunities. Defendant has also irreparably harmed Gracenote.  Upon information and belief, unless and until Defendant is enjoined by this Court from further infringement, Gracenote will continue to suffer damages and irreparable injury for which it has no adequate remedy at law.

## COUNT II
## INFRINGEMENT OF THE '192 PATENT

28.     Gracenote repeats and re-alleges paragraphs 1-27 as if fully set forth herein.

29.     Upon information and belief, Defendant has infringed and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '192 Patent under 35 U.S.C. § 271(a), including at least claim 34, by making, using, selling and/or offering to sell, in the United States and/or importing into the United States, the Infringing Product identified in this Complaint.

30.     Through the conduct alleged above, Defendant has caused and will in the absence of an injunction continue to cause Gracenote to suffer damages, which in no event are less than a reasonable royalty, and which include, but are not limited to, lost sales and sales opportunities. Defendant has also irreparably harmed Gracenote.  Upon information and belief, unless and until Defendant is enjoined by this Court from further infringement, Gracenote will continue to suffer damages and irreparable injury for which it has no adequate remedy at law.

## COUNT III
## INFRINGEMENT OF THE '008 PATENT

31.     Gracenote repeats and re-alleges paragraphs 1-30 as if fully set forth herein.

32.     Upon information and belief, Defendant has infringed and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '008 Patent under 35 U.S.C. § 271(a), including at least claims 1-2, 5-7, 9-10, and 13-15, by making, using, selling and/or offering to sell in the United States and/or importing into the United States, the Infringing Product identified in this Complaint.

33.     Through the conduct alleged above, Defendant has caused and will in the absence of an injunction continue to cause Gracenote to suffer damages, which in no event are less than a reasonable royalty, and which include, but are not limited to, lost sales and sales opportunities. Defendant has also irreparably harmed Gracenote.  Upon information and belief, unless and until

Defendant is enjoined by this Court from further infringement, Gracenote will continue to suffer damages and irreparable injury for which it has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Gracenote prays for judgment against Defendant as follows:

1. A judgment declaring that Defendant has infringed the '718 Patent, '192 Patent and '008 Patent;

2. An order and judgment permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the '718 Patent, '192 Patent and '008 Patent;

3. A judgment awarding Gracenote all damages adequate to compensate for the Defendant's infringement of the '718 Patent, '192 Patent and '008 Patent, but in no event less than a reasonable royalty, for the Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4. A judgment awarding Gracenote all damages, including treble damages, based on any infringement found to be willful and egregious, pursuant to 35 U.S.C. § 284, together with pre-judgment interest.

5. A finding that this case is "exceptional" within the meaning of 35 U.S.C. § 285;

6. A judgment ordering that Defendant pay Gracenote its reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285; and

7. Such other and further relief as this Court deems just and proper.

Dated this 12th day of September, 2016

**RAY QUINNEY & NEBEKER P.C.**

By */s/ Samuel C. Straight*

**Samuel C. Straight**
*sstraight@RQN.com*
**RAY QUINNEY & NEBEKER P.C.**

**Steven Yovits**
*syovits@mayerbrown.com*
(*pro hac vice application to be filed*)
**Brian A. Rosenthal**
*brosenthal@mayerbrown.com*
(*pro hac vice application to be filed*)
**Guy W. Barcelona Jr.**
*gbarcelona@mayerbrown.com*
(*pro hac vice application to be filed*)
**MAYER BROWN LLP**

*Attorneys for Gracenote, Inc.*

1386592