UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GRACENOTE, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> SORENSON MEDIA, INC, <br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS** <br><br> Case No. 2:16-cv-950 CW <br><br> Judge Clark Waddoups |

In this action for direct patent infringement, the defendant, Sorenson Media, Inc., ("Sorenson Media") filed a motion alleging that the court should dismiss the Complaint and give Gracenote, Inc. ("Gracenote") an opportunity to amend. (Dkt. No. 30.) The motion was heard by the court on May 11, 2017. Having reviewed the pleadings and materials submitted and considered the arguments of counsel, the court now enters this order DENYING defendant's motion to dismiss.

## BACKGROUND

Gracenote describes itself as "the world's leading entertainment and data technology company and is at the forefront of how multimedia is experienced." (Compl. ¶ 7; Dkt. No. 2.) In addition to having "multiple products that have revolutionized users' experience of music and video," Gracenote has an "automatic content recognition platform" that "interprets a multimedia signal and takes action," (such as displaying additional content or specific advertisements) "at

certain designated points in the multimedia signal." (*Id.* at ¶¶ 8-9.) Gracenote alleges that it has provided such "automatic content recognition services to television original equipment manufacturers since at least 2012." (*Id.* at ¶ 9.) Plaintiff is the owner of three patents for its technology, United States Patent No. 9,143,718 (the '718 Patent) for a Method and Apparatus for Selection of Content from a Stream of Data; United States Patent No. 6,230,192 (the '192 Patent) for a Method and System for Accessing Remote Data Based on Playback of Recordings; and United States Patent No. 9,414,008 (the '008 Patent) for a Method and Apparatus for Selection of Content from a Stream of Data.

Sorenson Media is a media company that also has an automatic content recognition platform used in television broadcasting, named the "Spark" platform, which plaintiff complains infringes on its patents. (Compl. ¶¶ 18-19; Dkt. No. 2.) Specifically, plaintiff alleges that the Spark product or platform uses functions such as content fingerprinting to analyze and take action (such as enabling targeted advertisements) based on the content displayed to a viewer. (*Id.* at ¶ 19.) Based on publicly available descriptions of Sorenson Media's Spark platform, plaintiff describes in detail how it believes the Spark platform functions such that specific claims in its three patents are infringed. (*Id.* at ¶¶ 19-22, 23, 26, 29, 32.) For example, it alleges that Spark operates by receipt of both a main and a reference datastream. "The main datastream includes a plurality of main content elements (*e.g.*, program content) intermixed with inserted content elements (*e.g.*, advertisements)," while the "reference datastream includes reference fingerprints and timestamps (*i.e.*, items of mark-up information) of the main content elements of the main datastream." These datastreams allegedly stream at a different rate because the reference datastream has less data. (*Id.* at ¶ 20.)

Thereafter, Gracenote alleges that Spark "computes main fingerprints from at least some of the main content elements included in the main datastream." Spark allegedly "then identifies a main fingerprint that corresponds or links with a reference fingerprint," and then "selects a displayed main content element based on reference fingerprints." (*Id.* at ¶ 21.) Spark also allegedly "performs actions that correspond to the content being played on a playback device. For example, [Spark] identifies time points that correspond to reference fingerprints, and associates an action to be taken at such time points. The specific action is stored in a database that is accessed by [Spark]. [Spark] obtains a match in the database between a main fingerprint and a reference fingerprint, and performs or causes to be performed the corresponding action on a playback device." (*Id.* at ¶ 22.) "As another example, [Spark] outputs data that corresponds to a broadcast feed to a local playback device. When a buffered portion of a broadcast feed is played, [Spark] automatically executes a program on the playback device to obtain at least one uniform resource locator ("URL") corresponding to the broadcast feed from a remote computer. In this fashion, [Spark] obtains remote data from the location identified by the URL, and outputs such data for playback on the playback device." (*Id.*)

Defendant argues that Gracenote's Complaint (1) fails to plead sufficient facts to support its allegations of infringement, (2) fails to sufficiently define the accused product, and (3) fails to specify its theory of infringement. Defendant also argues that Gracenote has inadequately plead facts relating to the doctrine of equivalents theory of infringement. (Def.'s Mot. 11, 13; Dkt. No. 30.)

## LEGAL STANDARD

For many years, claims for direct patent infringement were required merely to conform with Form 18 of the Federal Rules of Civil Procedure. *See In re Bill of Lading Transmission &*

*Processing System Patent Litigation v. DriverTech LLC*, 681 F.3d 1323 (Fed. Cir. 2012).[1] This remained true, although frequently questioned, even after the Supreme Court established heightened pleading requirements in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, effective December 1, 2015, Form 18 was eliminated from the amended Federal Rules of Civil Procedure.[2] Although the Federal Circuit has not yet addressed whether *Twombly* and *Iqbal* pleading standards now apply to direct patent infringement claims, the inference from *Bill of Lading* and case law since the amendments strongly suggest that they do. *See, e.g.*, *Atlas IP LLC v. Pacific Gas & Elec. Co.*, Case No. 15-CV-05469-EDL, 2016 WL 1719545 *2 (N.D. Cal. Mar. 9, 2016) (Because Form 18 has been abrogated, [u]nder the amended rules, allegations of direct infringement are now subject to the pleading standards established by *Twombly* and *Iqbal*, requiring plaintiffs to demonstrate a "plausible claim for relief."). Thus, this court accepts that *Twombly* and *Iqbal* pleading standards apply to these claims, and furthermore, the parties agree that they do.

To survive a motion to dismiss, the plaintiff must state a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Written documents, such as the patents in this case,

---

[1] Form 18 required only basic factual allegations including "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Bill of Lading*, 681 F.3d at 1334. By contrast, after *Bill of Lading*, indirect patent infringement claims required the full *Iqbal* and *Twombly* plausibility analysis. *Id.* at 1336-37.

[2] See the order of the Supreme Court amending the Federal Rules of Civil Procedure, April 29, 2015, *available at* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf.

that are referred to in, or attached to, a complaint as exhibits, are "considered part of the complaint and may be considered in a Rule 12(b)(6) motion." *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

## DISCUSSION

### A. Factual Sufficiency for Infringement Claims

Gracenote has pled sufficient factual information to plausibly state a claim of patent infringement. Federal Rules of Civil Procedure 8(a)(2) require that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require detailed factual allegations." *ABB Turbo Sys. AG v. TurboUSA, Inc.*, 774 F.3d 979, 984 (Fed. Cir. 2014) (internal quotation marks omitted, citing *Iqbal*, 556 U.S. at 678). Rather, "Rule 8 simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the alleged violation." *Id.* at 984-85 (internal quotation marks omitted, citing *Twombly*, 550 U.S. at 556). Under this standard, the factual allegations made in a complaint "need only be enough to place the alleged infringer on notice. This requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *SimpliVity Corp. v. Springpath, Inc.*, No. 4:15-13345-TSH, 2016 WL 5388951 at *3 (D. Mass., July 15, 2016) (internal citations and quotation marks omitted). Accordingly, all that "*Twombly* and *Iqbal* require [is] a brief description of what the patent at issue does and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing." *Id.* at *4 (internal citations and quotation marks omitted).

Defendant challenges the sufficiency of the factual support in plaintiff's complaint, but it does so by ignoring the relevant factual paragraphs in the Complaint and cited by the court in the

5

background section, *supra*, and by ignoring the patents attached as exhibits to the Complaint. (Def.'s Mot. 11-13, Dkt. No. 30.) Together with the exhibits, the Complaint describes the subject matter of the patents (Compl. ¶ 9, Dkt. No. 2), states its theory of infringement (*Id.* at ¶¶ 23, 26, 29, 32), names and describes the alleged infringing product (*Id.* at ¶¶ 18-19), provides a detailed description of the alleged infringing conduct (*Id.* at ¶¶ 19-22), and provides all information that detailed infringement charts would provide. (*Id.* at ¶¶ 20-22 and Exhibits.) Defendant also argues that the plaintiff should be required to amend the Complaint to organize the allegations about the alleged infringing product in the same way that the patent claim limitations are organized. (Def.'s Mot. 7, Dkt. No. 30.) The court finds that the allegations in the complaint encompass the limitations from each of the asserted infringed patent claims, and will not require the plaintiff to organize them differently. Furthermore, the Local Patent Rules for the United States District Court for the District of Utah require each party to provide, along with their Rule 26(a)(1) disclosures under the Federal Rules of Civil Procedure, "meaningful disclosure of each party's contentions and support for the allegations in the pleadings" shortly after the answer is filed. Preamble, Local Patent Rules. The Local Patent Rules, in fact, anticipate robust disclosure of "the particulars behind allegations of infringement . . . at an early date." *Id.* Because the court finds that plaintiff pled sufficient facts to make infringement plausible under *Iqbal/Twombly*, to the extent that defendants want more particulars, the court finds that provision is made under Rule 2 of the Local Patent Rules for them to promptly receive any additional information known by the plaintiff.

### B. Sufficient Allegations of Infringing Product

Gracenote has sufficiently identified the infringing product to avoid dismissal. In assessing plausibility in the context of patent litigation, "it is logical to presume that a defendant

has greater access to and, therefore, more information about its accused method [or apparatus or system]." *DermaFocus LLC v. Ulthera, Inc.*, No. 15-654-SLR, 201 F. Supp. 3d 465, 469 (D. Del. 2016). Because "[t]he degree of public information about any accused method [or apparatus or system] varies widely," a plaintiff without reasonable access to publicly available information that would enable it to provide the details "demanded by defendant" may satisfy the *Iqbal/Twombly* standard by "specifically identifying products which perform the same unique function as the patented system." *Id.* at 469-470 (internal quotation marks omitted). The Complaint alleges that Sorenson Media's Spark product performs the functions described by specific claims in Gracenote's patents. (Compl. at ¶¶ 19-22, 23, 26, 29, 32; Dkt. No. 2.) The infringing conduct alleged is specific and detailed. (*Id.* at ¶¶ 19-22.) Although some allegations are pled by "information and belief," this is not prohibited by the Federal Rules of Civil Procedure, and is appropriate when the information is particularly within the control of the defendant. *ITT Corporation v. Lee*, 15-cv-2730-KBF, 2016 WL 447848 *1 (S.D.N.Y., Feb. 4, 2016) ("A plaintiff may plead facts alleged upon information and belief 'where the facts are peculiarly within the possession and control of the defendant.'"); *Lacks Enterprises, Inc. v. H.D. Supply, Inc.*, No. 16-10867, 2016 WL 6083748 * 6 (E.D. Mich., Oct. 18, 2016) ("Defendant alone has the information . . . [f]or that reason, Plaintiff is entitled to plead 'upon information and belief' with respect to this claim.").

Defendant argues that Spark is a brand, not a product, and consists of four separate suites, including an Analytics Suite, a Content Suite, a Video Suite, and an Ad Suite. (Def.'s Mot. 14, Dkt. No. 30; *see also* Pla.'s Reply 12; Dkt. No. 40.) Defendant argues that the Complaint fails to specifically allege which patent claims are infringed by which of the Spark platform suites, and thus do not provide fair notice of plaintiff's claims. (Def.'s Mot. 11-12, 15, Dkt. No. 30.)

7

Defendant also argues that unless the court requires plaintiffs to identify the "features" or the "software routines" within each Spark suite that perform the alleged infringing functions, their entire Spark "brand" is wrongfully subject to discovery. (*Id.*)

The court is not persuaded by defendant's arguments. Sorenson Media's website identifies that the components of its Spark technology, as distinguished from its Squeeze product, work together. Even if plaintiff has not yet been able to allege "which elements of the Spark platform product – *i.e.* the Analytics Suite, Content Suite, Ad Suite, or Video Suite (or some combination thereof [or some other element of the Spark system]) – are at issue," (Def.'s Reply 1; Dkt. No. 41), the Complaint describes the functions of the Spark products to consist of enabling television programs to intermix with advertisements, by taking fingerprints of the television programs and matching up main and reference fingerprints to select a particular point in video. Thus, the Complaint accuses defendant's placement of advertisements or other special content. At this stage, all of the Spark suites appear to be implicated in the infringing conduct. If they are not, "[a] defendant cannot shield itself from a complaint for direct infringement by operating in such secrecy that the filing of a complaint itself is impossible." *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013). Rather, because "[s]ome facts . . . may be distinctively in the defendant's possession," the court may apply "the threshold standard of plausibility . . . to more circumstantial evidence." *ABB Turbo Sys.* 774 F.3d at 988. The court finds that plaintiffs have adequately alleged that Sorenson Media's Spark platform (or brand, product, suite, etc.) performs specific infringing functions that enable targeted advertising or content to be presented to a viewer. Based on the Complaint's specific allegations about those functions, the court also finds that Sorenson Media, with its superior knowledge of its own products, has fair notice of what Gracenote accuses of

infringement. *See Vigil Systems Pty. Ltd. v. Trackit, LLC*, No. 16-CV-198-JLS-JMA, 2016 WL 4595538 (S.D. Cali., Aug. 22, 2016) ("[F]actual allegations put [Defendant] on notice of the specific conduct giving rise to [Plaintiff]'s claim, and clearly allows 'the court to draw the reasonable inference that defendant is liable for the misconduct alleged.'")

Furthermore, the court repeats its emphasis on the District of Utah Local Patent Rules, which require plaintiff, within a short time after defendant's answer is filed, to disclose any additional information it may have about the identity of the accused instrumentalities and how they may function in the alleged infringing manner.

### C. Plaintiffs Have Sufficiently Alleged Direct Infringement and the Doctrine of Equivalents

In each count of the Complaint, plaintiffs specify that defendant infringes the asserted patents under 35 U.S.C. § 271(a), the section that addresses direct infringement. (Compl. ¶¶ 26, 29, 32.) Defendant ignores these recitals and focuses instead on paragraph 23, which states that defendant infringes the patents under "at least" 35 U.S.C. § 271(a). The court finds defendant's argument that this paragraph prevents it from discerning it is being accused of direct infringement not to be well taken. The Complaint more than adequately asserts direct infringement.

Similarly, defendant also protests that the Complaint contains only bare allegations of infringement under the doctrine of equivalents, and argues that this theory of infringement must also be pled with specificity. (Def.'s Mot. 9-10, Dkt. No. 30.) The Federal Circuit has not required explicit pleading of the doctrine of equivalents in a complaint; instead, "a claim under the doctrine of equivalents can be brought through an allegation of direct infringement." *Auburn Univ. v. Int'l Business Machines Corp.*, 864 F. Supp.2d 1222, 1225-26 (M.D. Ala. 2012). Defendants' motion ignores the factual allegations in paragraphs 19-22 of the Complaint, which

set forth Gracenote's support for their direct infringement claims. Because the court has found that Gracenote has adequately pled a claim of direct infringement under *Twombly/Iqbal*, it finds that nothing more is required to satisfy their pleading of infringement under the doctrine of equivalents.

## CONCLUSIONS

For the reasons stated above, the court DENIES defendant's motion. (Dkt. No. 30.) Defendant has 14 days from the date of this order to answer the Complaint, after which the timelines and requirements of the District of Utah Local Patent Rules will take effect.

DATED this 15th day of May, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge