**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GRACENOTE, INC., | Case No. 2:16-cv-00950 |
| *Plaintiff*, | |
| v. | The Honorable Judge Clark Waddoups |
| | Magistrate Judge Dustin B. Pead |
| SORENSON MEDIA, INC., | |
| *Defendant*. | SCHEDULING ORDER |

      Pursuant to Fed. R. Civ. P. 26(f), Plaintiff Gracenote, Inc. ("Gracenote") and Defendant Sorenson Media, Inc. ("Sorenson") (collectively, "the Parties") jointly submit this Proposed Scheduling Order in the above-captioned Civil Action and state as follows:

**I.**      **PRELIMINARY MATTERS**

      **A.**      The nature of the claims and affirmative defenses is as follows:

***Gracenote Contends:***

      Gracenote accuses Sorenson of infringing Gracenote's U.S. Patent Nos. 9,143,718; 9,414,008; and 6,230,192 (collectively, "the Gracenote Patents") by making, using and/or selling the SPARK product and system ("SPARK" or "the SPARK product"). In particular, at this time (without the benefit of discovery), Gracenote accuses the SPARK functionality that fingerprints video, performs automatic content recognition, and inserts content or advertisements into video streams.

      ***Sorenson Contends:***

      Sorenson denies making, using and/or selling any product or system that infringes the Gracenote Patents. Sorenson further contends one or more of the Gracenote Patents may be

invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112 because the alleged inventions are taught by, suggested by, and/or obvious in view of the prior art; and/or the claims fail to comply with the enablement and/or written description requirements.

  **B.**  This case is referred to Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(A).

  **C.**  Pursuant to Fed. R. Civ. P. 26(f), a meeting was begun on Friday, June 30, 2017, by teleconference. The following attending the meeting: Steven Yovits, counsel for Plaintiff Gracenote, Inc., and Deborah J. Swedlow, counsel for Defendant Sorenson Media, Inc.  Counsel agreed that the parties would continue to meet and confer via electronic mail and consider the meeting concluded on July 5, 2017.

  **D.**  The Parties do not request an initial pretrial scheduling conference with the Court prior to entry of the scheduling order.

  **E.**  The Parties have exchanged the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and District of Utah Local Patent Rule 2.2.

  **F.**  Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the Parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules and will have the same effect as hand delivery.  Any right to service by USPS mail is waived.

**II.**  **DISCOVERY PLAN**

  **A.**  **Initial Disclosures.**

**B.**     The Parties have exchanged the initial disclosures required by Fed. R. Civ. P. 26(a) and District of Utah Local Patent Rule 2.2.

**C.     Discovery Limitations.**

Each party may take a maximum of 90 hours of depositions of fact witnesses (excluding experts and Rule 30(b)(6) depositions).

A party may take the deposition of an individual fact witness for a maximum of seven hours without prior consent from the other party.  There shall be no limit on the number of hours a party may take the deposition of a representative designated pursuant to Rule 30(b)(6). However, the parties agree that absent good cause, no single witness may be deposed in his or her individual capacity and as a 30(b)(6) designee for more than a total of two days.

The parties agree that absent good cause, expert witnesses shall be deposed for a maximum of seven hours each.

Each party may serve a maximum of 25 interrogatories on the other party and 100 requests for admission.  There shall be no limit on the number of requests for production of documents and things that a party may serve on the other party.

Each party may serve a maximum of 50 topics for examination pursuant to Rule 30(b)(6).

**D.     Discovery Deadlines.**

| Event | Deadline | Source |
|---|---|---|
| Proposed Scheduling Order Due | July 12, 2017 | LPR 1.2 |
| Begin Fact Discovery | July 12, 2017 | LPR 1.3(a) |
| Plaintiff's Initial Infringement Contentions | August 10, 2017 | LPR 2.3 |
| Defendant's Initial Non-Infringement, Unenforceability, | September 7, 2017 | LPR 2.4 |

| | | |
|---|---|---|
| and Invalidity Contentions | | |
| Plaintiff's Final Infringement Contentions | January 9, 2017 | LPR 3.1 |
| Defendant's Final Unenforceability and Invalidity Contentions | January 23, 2018 | LPR 3.1 |
| Defendant's Final Non-Infringement Contentions | February 6, 2018 | LPR 3.2 |
| Final Date to Seek Stay Pending Reexamination or Other Post-Grant Proceedings | February 6, 2018 | LPR 3.5 |
| Exchange of Proposed Claim Terms to Be Construed along with Proposed Constructions | February 20, 2018 | LPR 4.1 |
| Confer and Agree upon No More Than Ten Terms or Phrases to Submit for Construction by the Court | February 27, 2018 | LPR 4.1 |
| Close of Fact Discovery | March 20, 2018 | LPR 1.3(a) |
| Simultaneous Cross-Motions for Claim Construction; Motions for Summary Judgment on Issues on which Claim Construction is Dispositive | March 27, 2018 | LPR 4.2(a) LPR 6.2 |
| Simultaneous Responsive Claim Construction Briefs; Motion to Set Claim Construction Hearing; Oppositions to Motions for Summary Judgment on Issues on which Claim Construction is Dispositive | April 24, 2018 | LPR 4.2 (c) LPR 4.3 LPR 6.2 |
| Motion for Claim Construction Hearing | April 24, 2018 | LPR 4.3 |
| File Joint Claim Construction Chart and Joint Status Report | May 1, 2018 | LPR 4.2(f) |
| Reply Brief in Support of Motion for Summary Judgment on Issues on which Claim Construction is Dispositive | May 8, 2018 | LPR 6.2 LR 56-1 LR7-1(b)(3)(A) |
| Submit Technology Tutorials | May 7, 2018 | LPR 4.4 |
| Exchange Exhibits for Claim Construction Hearing | 7 days before Claim Construction | LPR 4.3 |

| | Hearing | |
|---|---|---|
| Disclose Intent to Rely on Opinions of Counsel | 7 days after Claim Construction Ruling | LPR 1.3(c) |
| Post-Claim Construction Deadline to File a Proposed Scheduling Order Governing the Remaining Pretrial Obligations | 14 days after Claim Construction Ruling | LPR 1.2 |
| Deadline to Move to Reopen Fact Discovery after Claim Construction | 14 days after Claim Construction Ruling | LPR 1.3(b) |
| Initial Expert Disclosures & Report (on issues for which each party bears the burden of proof) | 28 days after Claim Construction Ruling | LPR 5.1(b) |
| Rebuttal Expert Disclosures & Report | 28 days after Initial Expert Disclosures & Report | LPR 5.1(c) |
| Close of Expert Discovery | 35 days after Rebuttal Expert Disclosures & Report | LPR 5.2 |
| Dispositive Motions Due; *Daubert* Motions Due | 28 days after Close of Expert Discovery | LPR 6.1 |

**E.     ESI Agreement.** Both Parties maintain and have taken steps to preserve electronically stored information ("ESI") that is believed to be reasonably related to the issues in this Civil Action.  The Parties are currently discussing an ESI Agreement further delineating the procedures to be used in producing electronic discovery.

**F.     Claims of Privilege.** The Parties agree that if a party inadvertently produces or provides discovery that it believes is subject to a claim of attorney-client privilege, attorney-work product, or another identified privilege or protectable interest, the producing party may give

notice to the receiving party that the document or thing is subject to a claim of privilege and request that the document or thing be returned to the producing party or destroyed (at the direction of the producing party).  Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege, work-product doctrine, or another identified privilege or protectable interest, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.  The provision of the ESI Agreement relating to claims of privilege and inadvertent production of protected documents is hereby incorporated by reference.

## III.    AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES.

The deadline for a party to file a motion to amend the pleadings is December 1, 2017. The deadline for a party to join additional parties is December 1, 2017.

## IV.    ALTERNATIVE DISPUTE RESOLUTION & SETTLEMENT.

The Parties believe that the potential for resolution of this Civil Action is moderate. The Parties have not yet engaged in any meaningful settlement negotiations.  The Parties agree that this Civil Action should not be referred to the Court's alternative dispute resolution program. The Parties intend to revisit settlement negotiations, including participation in an alternative dispute resolution program, after the Court's ruling on claim construction.  The Parties agree to continue to evaluate this Civil Action for settlement and alternative dispute resolutions on an ongoing basis.

## V.    PRE-TRIAL CONFERENCE & TRIAL.

The Parties agree to exchange a list of witnesses each party will call or may call at trial no later than twenty-one (21) days before the Final Pretrial Conference.  Objections will be served within fourteen (14) days of service of witness lists.

The Parties agree to exchange copies of each exhibit it anticipates will be used or may be used at trial no later than twenty-one (21) days before the Final Pretrial Conference.  Objections will be served within fourteen (14) days of service of exhibit lists.

The Parties have requested this Civil Action be tried in front a jury.  The estimated length of trial is 7-10 Court days.  The Parties may need to revisit this estimate as the Civil Action develops.

## VI.    OTHER ISSUES.

Consistent with Fed. R. Civ. P. 26(b)(3)(A)-(B) and 26(b)(4), the Parties agree that communications with testifying experts or technical advisors shall not be subject to discovery. Additionally, the Parties agree that documents shown or sent to testifying experts or technical advisors, draft reports or declarations, and notes or outlines for draft reports or declarations, shall be exempt from discovery.  Documents and communications upon which the testifying expert or technical advisor relies upon in forming his/her opinion will be subject to discovery.

The Parties agree that they will exchange privilege logs 60 days before the close of fact discovery, subject to supplementation as necessary.  The parties agree that privileged/work product communications and documents dated on or after the filing of this lawsuit need not be included in any privilege log, with the exception of communications and documents relating to opinions of counsel upon which the parties may rely.

The parties anticipate that they will depose certain witnesses who reside outside the United States.  The parties agree to work together in good faith to make those witnesses available for deposition at a mutually convenient time and place to the extent possible.

Dated: August 8, 2017

                                   BY THE COURT:


                                   Evelyn J. Furse
                                   U.S. Magistrate Judge

8