Brent P. Lorimer (A3731); Email: blorimer@wnlaw.com
David P. Johnson (13260); Email: djohnson@wnlaw.com
WORKMAN│NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

J. Michael Huget; Email: MHuget@honigman.com
(*pro hac vice*)
Deborah J. Swedlow; Email: BSwedlow@honigman.com
(*pro hac vice*)
Christopher E. Hanba; Email: CHanba@honigman.com
(*pro hac vice*)
Lauren B. Edelman; Email: LEdelman@honigman.com
(*pro hac vice*)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
315 East Eisenhower Parkway, Suite 100
Ann Arbor, MI 48108
Telephone: (734) 418-4200

*Attorneys for Defendant Sorenson Media, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| GRACENOTE, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SORENSON MEDIA, INC.,<br><br>　　　　Defendant. | Civil Action No. 2:16-CV-00950-EJF<br><br>The Honorable Clark Waddoups<br>Magistrate Judge Dustin B. Pead<br><br>**SORENSON MEDIA, INC.'S OPPOSITION TO GRACENOTE, INC.'S MOTION TO AMEND ITS COMPLAINT** |

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  APPLICABLE LAW ..................................................................................................... 2

III. ARGUMENT .................................................................................................................. 3

    A.    Gracenote's Proposed Amendments Are Futile ......................................................... 3

        1.    The Proposed Amended Complaint Is Futile Because It Fails To Allege Or Factually Support Pre-Suit Knowledge Of The Patents, Which An Induced Infringement Claim Requires .................................................................................. 3

        2.    The Proposed Amended Complaint Is Futile Because It Fails To Allege Any Pre-Suit Knowledge Required For Gracenote's Willfulness Claims ............................. 7

    B.    Gracenote Unduly Delayed in Bringing its Motion to Amend ................................. 8

IV. CONCLUSION ............................................................................................................... 9

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Aguirre v. Powerchute Sports, LLC,
 Case No. 10-cv-702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ........................................6

In re Bill of Lading,
 681 F.3d 1323 (Fed. Cir. 2012)..................................................................................................4

Bonutti Skeletal Innovations LLC v. Arthrex, Inc.,
 Case No. 12-cv-1380, 2013 WL 12149301 (M.D. Fla. Mar. 29, 2013) ....................................6

Bonutti Skeletal Innovations, LLC v. Globus Medical Inc.,
 Case No. 14-cv-6650, 2015 WL 3755223 (E.D. Pa. June 15, 2015)..........................................3

Bonutti Skeletal Innovations LLC v. Linvatec Corp.,
 Case No. 12-cv-01379, 2013 WL 12156091 (M.D. Fla. Apr. 2, 2013)..................................6, 7

Bradley v. Val-Mejias,
 379 F.3d 892 (10th Cir. 2004) ...................................................................................................3

Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.,
 904 F. Supp. 2d 1260 (M.D. Fla. 2012).............................................................................4, 6, 7

CG Tech. Development, LLC v. Big Fish Games, Inc.,
 Case No. 16-cv-00857, 2016 WL 4521682 (D. Nev. Aug. 29, 2016) .......................................8

Chalumeau Power Sys. LLC v. Alcatel-Lucent,
 Case No. 11-cv-1175, 2012 WL 6968938 (D. Del. July 18, 2012) ...........................................5

Cohen v. Longshore,
 621 F.3d 1311 (10th Cir. 2010) .................................................................................................3

Commil USA, LLC v. Cisco Sys.,
 135 S. Ct. 1920 (2015)............................................................................................................3, 4

Continental Circuits LLC v. Intel Corp.,
 Case No. 16-cv-2026, 2017 WL 679116 (D. Ariz. Feb. 21, 2017)............................................7

Eckert v. Dougherty,
 658 F. App'x 401 (10th Cir. 2016) ............................................................................................3

EON Corp. IP Holdings LLC v. FLO TV Inc.,
    802 F. Supp. 2d 527 (D. Del. 2011) ........................................................................................5

Foman v. Davis,
    371 U.S. 178 (1962) ................................................................................................................3

Frank v. U.S. West,
    3 F.3d 1357 (10th Cir.1993) ...................................................................................................9

Global-Tech Appliances, Inc. v. SEB S.A.,
    563 U.S. 754 (2011) ................................................................................................................4

Hall v. Bellmon,
    935 F.2d 1106 (10th Cir. 1991) ..............................................................................................3

Halo Electronics, Inc. v. Pulse Electronics, Inc.,
    136 S. Ct. 1923 (2016) ............................................................................................................7

Ketchum v. Cruz,
    961 F.2d 916 (10th Cir. 1992) ................................................................................................3

Minter v. Prime Equipment Co.,
    451 F.3d 1196 (10th Cir. 2006) ..............................................................................................9

PPC Broadband, Inc. v. Corning Optical Commc'ns. RF, LLC,
    193 F. Supp. 3d 133, 143 (N.D.N.Y. June 16, 2016) ..............................................................7

Proxyconn Inc. v. Microsoft Corp.,
    Case No. 11–cv-1681, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ....................................6

State Distributors, Inc. v. Glenmore Distilleries Co.,
    738 F.2d 405 (10th Cir. 1984) ................................................................................................3

Trustees of Boston University v. Everlight Electronics Co.,
    212 F. Supp. 3d 254, 257 (D. Mass. 2016) ..........................................................................7, 8

Waterton Polymer Products USA, LLC v. EdiZONE, LLC,
    Case No. 12-cv-17, 2014 WL 1453064 (D. Utah Apr. 14, 2014) ...........................................8

Ziemba v. Incipio Techs., Inc.,
    Case No. 13-cv-5590, 2014 WL 7051782 (D.N.J. Dec. 12, 2014) .........................................4

**RULES**

Fed. R. Civ. P. 15(a)(2) ..................................................................................................................2

iii

Defendant Sorenson Media, Inc. ("Sorenson") respectfully submits this Opposition to the Motion for Leave to File Amended Complaint filed by Gracenote, Inc. ("Gracenote"). As explained below, the proposed amendments would be futile and Gracenote has unduly delayed in bringing its motion.

I.  INTRODUCTION

Gracenote seeks leave to file its Proposed First Amended Complaint ("Proposed Amended Complaint") to add claims of induced and willful infringement. The Proposed First Amended Complaint is predicated on vague innuendo and allegations that, even if taken as true, do not plausibly allege induced or willful infringement. Gracenote alleges that the parties had meetings dating back to 2014.[1] (Prop. Am. Compl. ¶¶ 31-32). Gracenote, however, does not allege that it notified Sorenson of the Patents-in-Suit, nor does it allege that Gracenote informed Sorenson that it believed that Sorenson was infringing any of the Patents-in-Suit. Rather, Gracenote simply alleges that it generally claimed that it had patents at that time that were directed at Dynamic Ad Insertion ("DAI") or Dynamic Ad Replacement ("DAR"). (Prop. Am. Compl. ¶¶ 31, 33).

Instead, Gracenote's tenuous allegations of inducement and willfulness are premised, in part, on Gracenote's filing of the Original Complaint and on Sorenson's filings with the United States Patent and Trademark Office ("Patent Office"). For example, Gracenote alleges that Defendant has had actual knowledge of the '718 Patent, '192 Patent, and '008 Patent since at least the filing of the September 12, 2016 Complaint. (Prop. Am. Compl. ¶¶ 27-30, 72-74, 116-118).

---

[1] Gracenote's Motion for Leave to File First Amended Complaint does not provide a reason for failing to include the 2014 meeting allegations in the Original Complaint. Moreover, as alleged by Gracenote, these meetings, and the contents of the meetings were subject to a non-disclosure agreement ("NDA"). Sorenson is analyzing the NDA and reserves its rights regarding Gracenote's disclosure of information in connection with this motion.

Similarly, Gracenote claims that Sorenson knew of, and knowingly infringed, the Patents-in-Suit at least between November 10, 2015, and September 12, 2016, since Sorenson's counsel submitted an Information Disclosure Statement ("IDS") to the Patent Office listing *unasserted* Gracenote United States Patent Application No. 20140196085 ("the '085 Application"). Sorenson's IDS was submitted to the Patent Office on November 10, 2015, during the prosecution of U.S. Patent No. 9,516,377 ("the '377 Patent"), entitled "Detecting channel change in automatic content recognition fingerprint matching."[2] The IDS merely identified the '085 Application by number. The IDS lacked any discussion of the contents of the '085 Application or the scope of its patent claims. Nor does the Proposed Amended Complaint allege that there was any other reference to the '085 Application during prosecution of the '377 Patent, other than the identification of the '085 Application number in the IDS. Indeed, Gracenote admits that Sorenson never identified any of the Patents-in-Suit in the IDS. (Prop. Am. Compl. ¶¶ 45, 66, 89, 110). Accordingly, Gracenote's untimely allegations are futile and fail to provide any detail that, even if true, state a claim to relief that is plausible on its face.

## II.   APPLICABLE LAW

Although leave to amend may be freely granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), the law does not entitle plaintiffs to amend their complaint at any time for any reason. The Court may deny leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the]

---

[2] Gracenote identified the '377 Patent in its motion by the Application Number, 14/815,256.

amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). "[T]he district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted). A proposed amendment is futile where "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010) (quotation marks and internal citation omitted). A court may also deny as futile a motion for leave to amend if the amended complaint would not withstand a motion to dismiss. *See, e.g.*, *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). Determining whether Plaintiff unduly delayed involves an inquiry into why it did not move to amend the complaint earlier. *See also Eckert v. Dougherty,* 658 F. App'x 401, 410-11 (10th Cir. 2016) (where party seeking amendment knew or should have known the facts upon which the proposed amended is based, but fails to include them in the original complaint, the amendment is subject to denial); *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) (same).

### III.  ARGUMENT

#### A.  Gracenote's Proposed Amendments Are Futile

##### 1. The Proposed Amended Complaint Is Futile Because It Fails To Allege Or Factually Support Pre-Suit Knowledge Of The Patents, Which An Induced Infringement Claim Requires

Induced infringement requires knowledge of the Patents-in-Suit at the time of the alleged infringing conduct. *Commil USA, LLC v. Cisco Sys.*, 135 S. Ct. 1920, 1926 (2015). But knowledge of the Patents-in-Suit alone is insufficient to plead indirect infringement. *Bonutti Skeletal Innovations, LLC v. Globus Medical Inc.*, Case No. 14-cv-6650, 2015 WL 3755223, at *5-10 (E.D.

3

Pa. June 15, 2015).  Induced infringement also requires knowledge that the alleged direct infringer's acts constituted infringement.  *Commil*, 135 S. Ct. at 1926; *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).  Indeed, in order to support a claim of induced infringement, Gracenote "must affirmatively plead 'facts plausibly showing that [Sorenson] specifically intended [its] customers to infringe the [Patents-in-Suit] and knew that the customer's acts constituted infringement.'"  *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1266 (M.D. Fla. 2012) (quoting *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).  Thus, the knowledge required for claims of induced infringement "requires a plaintiff to allege that defendant [has] *pre-suit knowledge of the patents-in-suit*."  *Brandywine Commc'ns*, 904 F. Supp. 2d at 1267 (citing *Global-Tech*, 563 U.S. at 766 (". . . § 271(c) requires knowledge of the existence of the patent that is infringed.  Based on this premise, it follows that the same knowledge is needed for induced infringement under § 271(b). . . . Accordingly, we now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."))

    Gracenote's Proposed Amended Complaint is futile because it does not plausibly allege that Sorenson was aware of the Patents-in-Suit *before* the Original Complaint was filed.  Rather, the Proposed Amended Complaint contains only tenuous allegations that Sorenson knew about the Patents-in-Suit prior to this lawsuit.  To properly plead knowledge of a patent for indirect infringement, a complaint should "describe the occasion, conversation, or reason" that gave rise to the defendant's alleged knowledge of the patent.  *Ziemba v. Incipio Techs., Inc.*, Case No. 13-cv-5590, 2014 WL 7051782, at *5 (D.N.J. Dec. 12, 2014).  Even a specific allegation does not support indirect infringement when "the link between the [asserted] patent and defendants . . . is

4

too tenuous to sustain an allegation of knowledge." *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 533-34 (D. Del. 2011).

Gracenote does not allege (nor can it) that it notified Sorenson of the Patents-in-Suit, nor does Gracenote allege (nor can it) that it informed Sorenson that it was infringing any of the Patents-in-Suit. Rather, Gracenote simply alleges that it generally told Sorenson that Gracenote had patents relating to DAI or DAR. (Prop. Am. Compl. ¶¶ 31, 33). Gracenote attempts to impute knowledge to Sorenson by relying on an IDS submitted to the Patent Office during prosecution of Sorenson's '377 Patent. The IDS, submitted by Sorenson's patent counsel, listed Gracenote's '085 Application, which has not been asserted in this litigation, is not even in the same patent family as any of the asserted Gracenote patents, and is unrelated to any of the Patents-in-Suit. The IDS submitted by Sorenson's patent counsel contains no discussion of the '085 Application or the scope of its claims. The Proposed Amended Complaint does not identify any instance during prosecution of the '377 Patent in which Sorenson's counsel or the patent examiner discussed or even raised the scope of the '085 Application claims or any of the Patents-in-Suit. It is implausible to infer that Sorenson knew of the Patents-in-Suit simply because an unrelated patent that is not asserted in this litigation was summarily identified in the IDS. *See, e.g.*, *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, Case No. 11-cv-1175, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) (allegations that an examiner cited the asserted patent in three patent applications assigned to defendant were insufficient to plead that the defendant had knowledge of the asserted patent).

Moreover, in an attempt to cure this deficiency, Gracenote alleges that "Defendant has had actual knowledge of the '718 Patent, '192 Patent, and '008 Patent since at least the filing of the September 12, 2016 Complaint." (Prop. Am. Compl. ¶ 27; *see* Prop. Am. Compl. ¶¶ 28-30, 72-

5

74, 116-118).  But service of the Original Complaint is insufficient to provide the knowledge or intent necessary to state a claim for induced infringement.  Courts have repeatedly held that "*pre-suit knowledge* of the existence of the relevant patent and its infringement must be alleged in a complaint for indirect infringement."  *See Bonutti Skeletal Innovations LLC v. Linvatec Corp.*, Case No. 12-cv-01379, 2013 WL 12156091, at *3 (M.D. Fla. Apr. 2, 2013) (emphasis added); *Brandywine*, 904 F. Supp. 2d at 1267  (noting that indirect infringement claims require "a plaintiff to allege that defendant has pre-suit knowledge of the patents-in-suit"); *Aguirre v. Powerchute Sports, LLC*, Case No. 10-cv-702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (finding post-suit knowledge insufficient to plead indirect infringement).  Knowledge gained after or from the filing of the suit is not pre-suit knowledge and cannot support indirect infringement claims.  *See, e.g.*, *Bonutti Skeletal Innovations LLC v. Arthrex, Inc.*, Case No. 12-cv-1380, 2013 WL 12149301, at *3 (M.D. Fla. Mar. 29, 2013) (reasoning that if post-suit knowledge were sufficient to state a claim, then the "knowledge requirement would be meaningless—*of course* alleged infringers have actual knowledge of the patent(s) at issue once they have received the complaint") (emphasis in original); *Proxyconn Inc. v. Microsoft Corp.*, Case No. 11–cv-1681, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) (concluding that the filing of the original complaint cannot constitute knowledge sufficient to plead a claim of induced infringement).  Indeed, as one court noted:

> "Prior to suit" does not mean prior to the current iteration of the Complaint.  If, as Plaintiff suggests, failure to allege pre-suit knowledge could be cured merely by filing another complaint (without alleging new facts), then the knowledge requirement would be superfluous.

*Linvatec*, 2013 WL 12156091, at *3 n.2; *see Brandywine*, 904 F. Supp. 2d at 1269 ("Brandywine cannot avoid the pre-suit knowledge requirement by relying on either the Original Action or letters sent to T-Mobile during the pendency of the lawsuit.").

That principle is no different here. "Pre-suit knowledge" means knowledge before any lawsuit is filed between the parties, and filing a new complaint in the same case without alleging any new pre-suit facts is insufficient to cure that deficiency. *See Linvatec*, 2013 WL 12156091, at *3-4 n.2. Accordingly, Gracenote's claims of induced infringement cannot survive a motion to dismiss for failure to plead pre-suit knowledge and, as such, are futile.

**2.  The Proposed Amended Complaint Is Futile Because It Fails To Allege Any Pre-Suit Knowledge Required For Gracenote's Willfulness Claims**

A claim for willful infringement requires that the patentee shows that there is an "egregious case[] of misconduct beyond typical infringement." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1935 (2016); *see also id*. at 1936 (Breyer, J., concurring) ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent *and nothing more*.") (emphasis in original); *PPC Broadband, Inc. v. Corning Optical Commc'ns. RF, LLC*, 193 F. Supp. 3d 133, 143 (N.D.N.Y. June 16, 2016). To state a plausible claim for willful infringement, Gracenote must plead both that Sorenson had knowledge of the Patents-in-Suit and that Sorenson engaged in egregious conduct in infringing the patents. *See Trustees of Boston University v. Everlight Electronics Co.*, 212 F. Supp. 3d 254, 257 (D. Mass. 2016) (noting that "the touchstone for awarding enhanced damages after *Halo* is egregiousness"); *Continental Circuits LLC v. Intel Corp.*, Case No. 16-cv-2026, 2017 WL 679116, at *11 (D. Ariz. Feb. 21, 2017) (finding facts

alleging knowledge necessary but not sufficient to plead willfulness); *CG Tech. Development, LLC v. Big Fish Games, Inc.*, Case No. 16-cv-00857, 2016 WL 4521682, at *14 (D. Nev. Aug. 29, 2016) (dismissing plaintiff's claim of willfulness where it failed to provide facts suggesting egregious infringement); *Trustees of Boston University*, 212 F. Supp. 3d at 257-258 (holding that defendants did not engage in necessary conduct for award of enhanced damages where it "form[ed] a good faith belief that their products did not infringe").

The Proposed Amended Complaint contains no factual allegations detailing how the Patents-in-Suit were called to the attention of Sorenson before this lawsuit, undoubtedly because Gracenote admittedly never did so. Instead, the Proposed Amended Complaint attempts to indirectly impute pre-suit knowledge of the Patents-in-Suit by citing an IDS submitted to the Patent Office of a Gracenote patent application that is not asserted in this litigation and unrelated to any of the Patents-in-Suit. For the reasons explained above, this is insufficient to plead that Sorenson knew of the Patents-in-Suit. Nor does the Proposed Amended Complaint contain factual allegations that would show egregious conduct by Sorenson in the alleged patent infringement. Thus both essential elements of a willful infringement claim are missing. Accordingly, Gracenote's willfulness claims are futile since they cannot survive a motion to dismiss to the extent they are based upon activities that occurred prior to the filing of the Original Complaint.

**B.  Gracenote Unduly Delayed In Bringing Its Motion To Amend**

Gracenote's Proposed Amended Complaint seeks to add allegations that, admittedly, were known to Gracenote before it filed the Original Complaint on September 12, 2016. "A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Waterton Polymer Products USA, LLC*

*v. EdiZONE, LLC,* Case No. 12-cv-17, 2014 WL 1453064, at *2 (D. Utah Apr. 14, 2014). Given the new allegations asserted in the Proposed Amended Complaint, not one of which relates to facts that Gracenote learned of or acquired since initiating this lawsuit, Gracenote could, and should, have included the allegations in its Original Complaint. Instead, Gracenote waited 15 months— only four months before the close of discovery and well after the parties have served Initial Infringement, Non-Infringement, and Invalidity Contentions—to claim induced and willful infringement, without any "adequate explanation for the delay." *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (citing *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir.1993)). Gracenote's delay in asserting these futile claims provides an additional reason why this amendment should not be countenanced.

### IV.     CONCLUSION

Based on the foregoing, Sorenson respectfully requests the Court deny Gracenote's Motion for Leave to File Amended Complaint.

Dated: November 29, 2017                          Respectfully,

By: /s/Deborah J. Swedlow
**J. Michael Huget** (*pro hac vice*)
MHuget@honigman.com
**Deborah J. Swedlow** (*pro hac vice*)
BSwedlow@honigman.com
**Christopher E. Hanba** (pro hac vice)
CHanba@honigman.com
**Lauren B. Edelman** (*pro hac vice*)
LEdelman@honigman.com
**HONIGMAN MILLER SCHWARTZ AND COHN LLP**
315 East Eisenhower Parkway, Suite 100
Ann Arbor, MI 48108
Telephone: (734) 418-4200
Facsimile: (734) 418-4269

9

**Brent P. Lorimer** (A3731)
blorimer@wnlaw.com
**David P. Johnson** (13260)
djohnson@wnlaw.com
**WORKMAN|NYDEGGER**
A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

**Steven Yovits**
**Brittany L. McElmury**
KELLY DRYE & WARREN LLP
333 W WACKER DR 26TH FL
CHICAGO, IL 60606
(312)857-2619
Email: syovits@kelleydrye.com
Email: bmcelmury@kelleydrye.com

**Samuel C. Straight**
RAY QUINNEY & NEBEKER (SLC)
36 S STATE ST STE 1400
PO BOX 45385
SALT LAKE CITY, UT 84145-0385
(801)323-3390
Email: sstraight@rqn.com

                                       By: /s/ Deborah J. Swedlow
                                              Deborah J. Swedlow